UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL T. MCLAUGHLIN,

    Plaintiff,

v.

NDOC, *et al*.,

    Defendants.

Case No. 2:18-cv-01562-GMN-EJY

**ORDER
and
REPORT AND RECOMMENDATION**

Re:  ECF No. 10

Before the Court is Plaintiff Michael T. McLaughlin's unopposed "Motion to Amend Civil Action" (ECF No. 10), which is construed as a motion for leave to amend his operative original Complaint (ECF No. 5) filed on October 18, 2019.  The Court finds as follows.

**I.   CASE BACKGROUND**

The facts in Plaintiff's proposed amended complaint (the "PAC") largely mirror those alleged in his original complaint, which was screened by the Court on October 18, 2019.  ECF No. 4.[1]  Nonetheless, the Court cites to the facts alleged in Plaintiff's PAC as it is those facts the Court must analyze when determining what claims, if any, may proceed on amendment.

In the proposed amendment, Plaintiff alleged that he sent a kite to the Nevada Department of Corrections ("NDOC") on March 15, 2016 seeking application of good time credits to his parole eligibility date pursuant to NRS 209.4465(7)(b).  ECF No. 10-1 at 8.  Plaintiff expected the kite to be granted based on the Nevada Supreme Court decision in *Vonseydewitz v. Legrand*, No. 66159, 2015 WL 3936827 (Nev. June 24, 2015) (unpublished).  *Id*.  However, the kite was denied leading Plaintiff to file an informal grievance with NDOC on June 20, 2016.  *Id*. at 9.  The grievance went through "Grievance Coordinator" Defendant Frank Dreesen ("Dreesen"),"[2] and was responded to by Defendant Monique Hubbard-Pickett ("Hubbard-Pickett"), a CCS III, who replied that NRS

---

[1]    The original screening order allowed Plaintiff's *ex post facto*, Fourteenth Amendment, and state law emotional distress claims to proceed against some of the currently named defendants.  ECF No. 4.

[2]    Dreesen is more specifically identified by Plaintiff as an "associate warden … who operates in the capacity as Grievance Coordinator."  ECF No. 10-1 at 6.

1

209.4465.8(d), which was enacted by the Nevada Legislature after Plaintiff committed his underlying offense, barred individuals convicted of category A and B felonies, including offenses of which Plaintiff was convicted, from applying good time credits to their sentences. *Id*.

After this denial, Plaintiff filed a first level grievance, relying again on the Nevada Supreme Court decision in *Vonseydewitz*.[3] *Id*. at 9-10. The Grievance Coordinator on this filing is identified as Hubbard-Pickett with Jo Gentry ("Gentry"), warden, as the responder. *Id*. at 9. The grievance was denied. *Id*. at 10. Plaintiff then filed a second level grievance, which was "passed before" Dreesen as Grievance Coordinator, and "signed off on" by Nethanjah Childers ("Childers") as Caseworker II and CPS Nancy Flores ("Flores") whose signature appeared in the space for grievance responder Dwayne Deal ("Deal"). *Id*. at 10-11. Deal is employed by NDOC's Offender Management Division (the "OMD"). *Id*. at 2 and 11. The OMD is alleged to have received orders, through the Nevada Attorney General, to deny prisoners without court order the sentence credits to which they were entitled under NRS 209.4465(7)(b). *Id*. at 2-3.

The response to Plaintiff's Level 2 grievance stated, in pertinent part, that "It is the N.D.O.C.'s understanding that the '*Vonseydewitz* Order' only applies to inmate Vonseydewitz, and the Nevada Supreme Court did not issue a binding opinion requiring application [of the *Vonseydewitz* holding] to all inmates." *Id*. at 11. The response did a further analysis of the law and concluded that Plaintiff's good time credits were being applied correctly. *Id*. at 11-12.

Having gone through and exhausted all three levels of the administrative grievance procedures, Plaintiff states he had given notice of the *ex post facto* application of a newly enacted Nevada Revised Statute to administrators including, but not limited to: (i) Gentry (*id*. at 5 and 12); (ii) Howard Skolnik ("Skolnik") identified as an associate warden (*id*. at 4-5 and 12); (iii) A.W. Howell ("Howell"), also identified as an associate warden (*id*. at 6 and 12); (iv) James Cox ("Cox") identified as a "Director" (*id*. at 5 and 12); and, (v) James Dzurenda ("Dzurenda"), identified by Plaintiff as a senior administrative official. *Id*. at 12. Plaintiff states that all of these named defendants "at one time or another during the violation of Plaintiff's constitutional rights" served as

---

[3]  *Vonseydewitz* held that good time credits earned pursuant to NRS 209.4465(7)(b) should be applied to Vonseydewitz's minimum sentence because the sentencing statute did not state that Vonseydewitz had to serve a specified minimum sentence before becoming eligible for parole. 2015 WL 3936827, at *1.

Commissioners on the Board of Prison Commission and "structured, formulated, set an agenda, had meetings, took minutes and ultimately decided that" the Nevada Revised Statute at issue "only applied to one individual … Vonseydewitz." *Id*. This was done, according to Plaintiff, at the direction of Nevada's various former Attorney Generals including Catherine Cortez-Masto ("Cortez-Masto"), Brian Sandoval ("Sandoval"), and Adam Laxalt ("Laxalt"). *Id*.

Plaintiff next filed two habeas corpus petitions in Nevada state court seeking application of good time credits to his sentence. *Id*. at 13. Plaintiff's state court habeas petitions were denied by the district court after which he appealed. *McLaughlin v. Williams*, Nos. 73232 and 73233, 2018 WL 1896352, at *1 (Nev. App. Apr. 11, 2018). *Id*. Ultimately, the Nevada Court of Appeals vacated Plaintiff's sentence and remanded the case to the district court finding good time credits earned pursuant to NRS 209.4465 should be applied to Plaintiff's parole eligibility date. *Id*. In turn, the Nevada district court amended its prior decision and granted Plaintiff's state court habeas petitions. ECF No. 18-2. Defendants submitted a Notice of Compliance in this matter, showing Plaintiff's good time credits were applied to his minimum parole eligibility date pursuant to the amended state court decision. ECF No. 18-3.

As a result of the above, Plaintiff alleges that he is entitled to reimbursement of all costs he incurred as a result of his habeas petitions, plus the value of his time spent reading and researching the law leading to his successful petition. ECF No. 10-1. at 14. Plaintiff further alleges he suffers from "anxiety and depression severe enough[] to require medications to control and maintain functionality." *Id.* at 15; *see also id.* at 16 for description of severe emotional distress and treatment. Plaintiff's PAC alleges an *ex post facto* claim, violations of the Fourteenth Amendment Equal Protection clause,[4] negligent and intentional infliction of emotional distress,[5] and cruel and unusual punishment under the Eighth Amendment. Plaintiff asserts these claims against all named Defendants. *Id*. at 2-17.[6]

---

[4] Plaintiff recognizes there is no liberty interest in parole or parole eligibility. ECF No. 10-1 at 15.
[5] Intentional infliction of emotional distress is referred to herein as "IIED." Negligent infliction of emotional distress is referred to as "NIED."
[6] In addition to the individuals named above, Plaintiff sues Jim Gibbons ("Gibbons") a former Governor of Nevada and chairman of the Nevada Board of Prison Commissioners and Ross Miller ("Miller"), a former Nevada Secretary of State. *Id*. at 2-3.

3

After the original Complaint was filed the Attorney General accepted service on behalf of Childers, Dzurenda, and Hubbard-Pickett, and stated he would not accept service on behalf of Deal or Gentry. ECF No. 12 at 1.[7] The Attorney General concurrently filed the last known addresses of Deal and Gentry under seal. ECF No. 13.

## II. DISCUSSION

### A. Plaintiff generally meets the requirements for granting leave to amend.

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading with leave of court, which should freely be given "when justice so requires." In the Ninth Circuit, Rule 15(a) is applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal citations and quotation marks omitted). However, it is within the district court's discretion to determine whether to grant leave to amend. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725 (9th Cir. 2000). Courts "consider[] five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (internal citation omitted). In exercising its discretion, the Court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal citation omitted). Denying leave to amend a complaint is proper "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (internal citation omitted). "An amendment is futile if the amended [pleading] could not withstand a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P." *Pullano v. NaphCare*, No. 2:10-cv-00335-JAD-VCF, 2014 WL 4704587, at *5 (D. Nev. Sept. 23, 2014) (unpublished) (internal citations and quotation marks omitted).

Here, the five-factor balancing test weighs unanimously in favor of Plaintiff's request to amend his Complaint. This is Plaintiff's first request to amend, and there is no evidence Plaintiff has engaged in bad faith. Plaintiff did not delay in filing the instant Motion as he submitted his

---

[7] The Court previously dismissed Dzurenda from the case without prejudice because Plaintiff's original Complaint did not contain any allegations of wrongdoing by him. ECF No. 4 at 10. Nevertheless, the Attorney General accepted service on behalf of Dzurenda, as well as Childers and Hubbard-Pickett. ECF No. 12 at 1. Because the Court grants Plaintiff leave to add his *ex post facto*, Fourteenth Amendment Equal Protection, and IIED/NIED claims against these three defendants, they need not be served again.

Motion approximately two-and-a-half weeks after the unsuccessful Inmate Early Mediation took place. In addition, Plaintiff's PAC is viable as to his *ex post facto*, Fourteenth Amendment, and IIED/NIED claims as to all Defendants except Cortez-Masto, Laxalt, Miller, and Sandoval (as discussed below).

Finally, the "Surviving Defendants"[8] are not prejudiced by Plaintiff's proposed amendment. Importantly, Defendants did not file an opposition to Plaintiff's Motion, indicating a consent to the Court granting the Motion. LR 7-2(d); *Contreras v. Fox*, No. 2:13-CV-591 JCM (PAL), 2013 WL 6795725, at *2 (D. Nev. Dec. 19, 2013) ("[h]aving reviewed the motion to amend, and in consideration of defendants' non-opposition, the court finds good cause exists to grant the motion"). And, Defendants are not prejudiced at this early stage of proceedings where no discovery has taken place. *Cf. Jones v. Int'l Collection Servs., Inc.*, Case No. CV-S-04-0896-KJD-LRL, 2005 WL 8161651, at *1 ("the prejudice Defendant will suffer in having discovery extended and further delaying the proceedings justifies denial of leave to amend.") (internal citation omitted). Thus, Plaintiff's Motion to Amend will be granted.

B.     Plaintiff's proposed amendment.

As summarized above, Plaintiff seeks leave to amend his original Complaint to expressly state *ex post facto* and Eighth Amendment claims, as well as to reassert Fourteenth Amendment and state law emotional distress claims. ECF No. 10-1. Plaintiff names Childers, Cox, Cortez-Masto, Dreesen, Dzurenda, Flores, Deal, Gentry, Gibbons, Howell, Hubbard-Pickett, Laxalt, Miller, Sandoval, and Skolnik as defendants in their official and individual capacities as to all counts alleged. *Id*. at 2-7, 14. With respect to the remedy, Plaintiff seeks money and punitive damages from each Defendant "jointly and severally" in their official and individual capacities. *Id*. at 17. Plaintiff also seeks injunctive relief asking the Court to order NDOC to "apply the earned credits retroactively to the [individuals] who were constructively denied them," including himself.[9] *Id*. at

---

[8]     The Surviving Defendants are defined as Childers, Cox, Deal, Dreesen, Dzurenda, Flores, Gentry, Gibbons, Howell, Hubbard-Pickett, and Skolnik.

[9]     Plaintiff, who is proceeding *pro se*, lacks standing to bring a section 1983 claim on behalf of other similarly situated inmates. *Wheat v. U.S.*, 486 U.S. 153, 159 (1988) ("an advocate who is not a member of the bar may not represent clients (other than himself) in court."); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself." (internal alteration, citation, and quotation marks omitted)).

1  19 (internal alteration omitted).  In the event the Court does not grant injunctive relief, Plaintiff seeks
2  additional monetary "compensat[ion] . . . for the extra days that were served as well as the cost of
3  copies, postage[,] and any other relief this Court deems appropriate." *Id*.

   C. <u>Plaintiff's claims for injunctive relief, under the Eighth Amendment, and for monetary damages against Defendants in their official capacities fail as a matter of law</u>.

The Eleventh Amendment "bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (internal citations omitted).  Thus, section 1983 claims for money damages cannot be maintained against Nevada state officials or employees in their official capacities.  *N. Nev. Ass'n of Injured Workers v. Nev. State Indus. Ins. Sys.*, 807 P.2d 728, 732 (Nev. 1991).  For this reason, the Court recommends dismissing as futile, and therefore, with prejudice, all of Plaintiff's claims seeking money damages for past harms allegedly caused by Defendants in their official capacities.  *Festa v. Sandoval*, Case No. 2:17-cv-00850-APG-NJK, 2020 WL 2114358, at *5 (D. Nev. May 4, 2020) (denying plaintiff leave to amend to add a futile section 1983 claim for money damages against defendants in their official capacities).

Plaintiff's claim seeking prospective injunctive relief is also futile because it is moot.  That is, Plaintiff seeks injunctive relief for himself and others in the form of an order requiring Defendants to apply good time credits earned to parole eligibility dates.  ECF No. 10-1 at 19.  There are two problems with this claim.  First, as stated, Plaintiff lacks standing to sue on behalf of others.  Second, as applied to Plaintiff, the requested relief is identical to the state habeas relief Plaintiff sought and granted by the Nevada district court (application of good time credits earned pursuant to NRS 209.4465 to his parole eligibility date).  *Compare* ECF No. 10-1 at 19 *with* ECF No. 18-2.  The law is clear.  If a plaintiff "obtain[s] habeas relief in state court," as Plaintiff did here, he is "limited to monetary damages in possible relief" when he subsequently files a section 1983 claim in federal court.  *Neal v. Hargrave*, 770 F. Supp. 553, 557 (D. Nev. 1991).  In sum and effect, Plaintiff already received from the Nevada state court the injunctive relief he seeks from this Court.  For this reason, Plaintiff's injunctive relief claim is moot and must be dismissed.

6

With respect to Plaintiff's Eighth Amendment claim, his sole allegation is that Defendants misinterpreted "the time said statutes are to reduce off of certain sentences," including his parole eligibility date, thereby violating his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 10-1 at 18-19.[10] However, Plaintiff does not have a liberty interest in a shortened parole eligibility date and, therefore, Defendants could not have subjected him to cruel and unusual punishment on this basis. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Lyons v. Bisbee*, No. 3:07-CV-460-LRH (RAM), 2009 WL 801824, at *12 (D. Nev. Feb. 10, 2009), *adopted by Lyons v. Bisbee*, No. 3:07-cv-00460-LRH (RAM), 2009 WL 872436 (D. Nev. Mar. 25, 2009). "In this case, where the alleged conduct only resulted in a longer interval before the inmate could be considered for parole, there can be no finding of cruel and unusual punishment." *Lyons*, 2009 WL 801824, at *12. Accordingly, Plaintiff's proposed Eighth Amendment claim is futile and should be dismissed. *Rodriguez v. Williams*, Case No. 2:19-cv-00726-GMN-VCF, 2020 WL 209311, at *4 (D. Nev. Jan. 13, 2020) (dismissing a plaintiff's proposed Eighth Amendment claim as futile because there is no liberty interest in application of good time credits to minimum terms under NRS 209.4465).

    D. <u>Plaintiff may bring section 1983 claims against the Surviving Defendants in their individual capacities for money damages.</u>

A state prisoner can seek monetary damages for an alleged unconstitutional deprivation of good time credits under section 1983 only if "the alleged constitutional violation would, if established, imply the invalidity of the deprivation of good-time credits." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002) (internal citation omitted). Further, government officials do not enjoy sovereign immunity under the Eleventh Amendment as individuals and, therefore, money damages may be recovered from such officials if they are sued in their personal capacities. *Ruley v. Nevada*

---

[10] Plaintiff appears to allege a Ninth Amendment claim in conjunction with his Eighth Amendment claim. ECF No. 10-1 at 18. The Ninth Amendment "protects rights not enunciated in the first eight amendments. . . . Nevertheless, the [N]inth [A]mendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim. . . . [A] section 1983 claim [must] be based on a specific constitutional guarantee." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986) (internal citations omitted). Here, Plaintiff has not identified any unenumerated right violated by Defendants' refusal to apply good time credits to his minimum sentence and parole eligibility date. Accordingly, to the extent Plaintiff invokes the Ninth Amendment as a standalone claim and not simply as context for his Eighth Amendment claim, the Ninth Amendment claim is without merit.

*Bd. of Prison Com'rs*, 628 F. Supp. 108, 110 (D. Nev. 1986). However, state officials are entitled to qualified or "good faith" immunity from suits for money damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal citations omitted). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law. . . . Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (internal alterations, citations, and quotation marks omitted). The Supreme Court clarified that: "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (internal citations omitted).

Here, a review of Plaintiff's proposed amended complaint demonstrates that Plaintiff asserts sufficient factual allegations to state his *ex post facto*, Equal Protection, and IIED/NIED claims against the Surviving Defendants. ECF No. 10-1 at 8, 14-15. Further, the rights the Surviving Defendants are alleged to have violated appear to be clearly established claims. U.S. Const. art. I, § 10, cl. 1 (*ex post facto*); U.S. Const., amend. XIV (Equal Protection); *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981) (IIED); *Shoen v. Amerco, Inc.*, 896 P.2d 469, 477 (Nev. 1995) (NIED). Therefore, the Court grants Plaintiff leave to amend his Complaint to include each of these claims.

E. <u>Plaintiff properly asserts claims against the Surviving Defendants.</u>

Turning to the individuals Plaintiff seeks to name as defendants, he alleges, among other things, that:

- Gibbons "presided over meetings held by the [NDOC Board of Prison] Commissioners, set an agenda, constructed, and formulated policies under which the prisons were ran. He ultimately gave O.M.D. their [sic] marching

8

orders through the Nevada Attorney General[']s office which included denying prisoners who did not have a court order the sentence credits they were entitled to under Nevada statute" (ECF No. 10-1 at 3);

- Deal was administrator and head of the OMD that is alleged to have received orders, through the Nevada Attorney General, to deny prisoners the sentence credits to which they were entitled under NRS 209.4465(7)(b) (*id*. at 2-3);

- Gentry responded to Plaintiff's first level grievance and second level grievance (*id*. at 5, 9);

- Hubbard-Pickett "responded to and returned [Plaintiff's] informal [g]rievance, denying it," and was the Grievance Coordinator overseeing Plaintiff's first level grievance (*id*. at 9; *see also id*. at 16);

- Dreesen served as the NDOC Grievance Coordinator who denied Plaintiff's informal level grievance and second level grievance (*id*. at 9-10, 16);

- Flores responded to several of Plaintiff's letters requesting sentence credits (*id*. at 7) and as "grievance responder" for Deal in response to Plaintiff's second level grievance (*id*. at 11);

- Cox, Dzurenda, Gentry, Gibbons, Howell, and Skolnik served on the NDOC Board of Prison Commissioners "where they structured, formulated[,] set an agenda, had meetings, took minutes[,] and ultimately decided that [NRS 209.4465] only applied to one individual" (*id*. at 12); and,

- Childers and Dreesen signed off on the second level response specifically denying Plaintiff's grievance because the *Vonseydewitz* decision did not apply to him (*id.* at 9-11; *see also id.* at 16-17).

With respect to Cox, Deal, Dzurenda, Howell, Gibbons, and Skolnik, the Court refers to the standard for supervisory liability. "Supervisory liability [under section 1983] exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citation and quotation marks omitted). When this standard is applied to Plaintiff's allegations regarding these six Defendants, the Court finds Plaintiff sufficiently pleads that they worked together to implement a policy denying him good time credits pursuant to NRS 209.4465. In fact, Plaintiff has alleged enough facts for this Court to plausibly determine that this policy, considering the *Vonseydewitz* decision, may have been so fundamentally flawed so as to serve as a repudiation of constitutional rights and as the moving force behind the constitutional violation. Plaintiff is therefore granted leave to amend to add Cox, Deal, Dzurenda, Howell, Gibbons, and Skolnik as properly named defendants

9

in all of Plaintiff's claims. As to the remaining Surviving Defendants—Childers, Dreesen, Gentry, Hubbard-Pickett, and Flores—Plaintiff alleges each participated directly in grievances and letter requests in which Plaintiff sought the application of good time credits to which he was entitled, but which were denied in violation of law.

With respect to Cortez-Masto, Sandoval, and Laxalt, the Court finds Plaintiff does not sufficiently allege that these proposed defendants personally participated in the alleged section 1983 violations. That is, Plaintiff does not allege or suggest that Cortez-Masto, Sandoval or Laxalt were present at the NDOC Board of Prison Commissioners meetings referenced above. Moreover, NDOC Administrative Regulation 803 provides that the "designated Deputy Director is responsible for the Department's meritorious credits awards process," the "Warden is responsible to assure timely and accurate processing of these credits," and "[a]ll [NDOC] staff are responsible to have knowledge of, and comply with this procedure." Thus, Plaintiff has not alleged sufficient facts to demonstrate that Cortez-Masto, Sandoval, or Laxalt, all of whom are former Attorneys General, were responsible for impeding the injunctive relief sought (*i.e.*, an application of good time credits to Plaintiff's minimum sentence). Accordingly, the Court denies Plaintiff leave to amend to add these proposed defendants.

Finally, Plaintiff's proposed amended complaint does not contain any allegations of wrongdoing by Miller other than to allege he served as Nevada's Secretary of State at the time of the section 1983 violations. ECF No. 10-1 at 3. This is insufficient to demonstrate that Miller "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The Court therefore denies Plaintiff leave to add Ross Miller as a defendant.

In sum, in light of Rule 15's liberal approach to amendment, favor of adjudication on the merits, and satisfaction of the five-factor test, Plaintiff's motion for leave to amend his Complaint is granted insofar he seeks to add the Surviving Defendants in their individual capacities for money damages in his *ex post facto*, Fourteenth Amendment, and IIED/NIED claims.[11]

---

[11] The Court previously dismissed Plaintiff's Eighth Amendment claim without prejudice because IIED/NIED are state law claims, not violations of the Eighth Amendment. ECF No. 4 at 5. In his proposed amended complaint, however, Plaintiff realleges his IIED/NIED claims under the Eighth Amendment. ECF No. 10-1 at 15. Plaintiff's IIED/NIED claims is analyzed and shall proceed as state law claims only.

### III. ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Civil Action (ECF No. 10) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff is GRANTED leave to amend his Complaint to the extent he seeks to add Nethanjah Childers, James Cox, Dwayne Deal, Frank Dreesen, James Dzurenda, Nancy Flores, Jo Gentry, Jim Gibbons, Jerry Howell, Monique Hubbard-Pickett, and Howard Skolnik as defendants in their individual capacities for monetary damages as to Plaintiff's *ex post facto*, Fourteenth Amendment Equal Protection, and state law Intentional Infliction and Negligent Infliction of Emotional Distress claims.

IT IS FURTHER ORDERED that Plaintiff is DENIED leave to amend his Complaint to add Catherin Cortez-Masto, Adam Laxalt, Ross Miller, and Brian Sandoval as defendants.

IT IS FURTHER ORDERED that, with respect to James Cox, Frank Dreesen, Nancy Flores, Jim Gibbons, Jerry Howell, and Howard Skolnik, the Attorney's General Office shall file a notice no later than **ten (10) calendar days** after this Order and Report and Recommendation is issued advising the Court and Plaintiff of (a) the names of these defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Attorney General's Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).[12]

If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons(es), and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has

---

[12] The Attorney General previously accepted service on behalf of Defendants Childers, Dzurenda, and Hubbard-Pickett. ECF No. 12 at 1.

not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 5) within **sixty (60) calendar days** from the date of this Order and Report and Recommendation.

Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that is a rue and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

IT IS FURTHER ORDERED that the Clerk of Court shall issue summonses for Defendants Dwayne Deal and Jo Gentry. The Clerk of Clerk shall send the summonses to the U.S. Marshal with the addresses provided under seal in ECF No. 13 for these two Defendants.

IT IS FURTHER ORDERED that the Clerk of Court shall separate Plaintiff's proposed amended complaint (ECF No. 10-1) from his Motion to Amend Civil Action (ECF No. 10) and file the same.

IT IS FURTHER ORDERED that the Clerk of Court shall send **two copies** of the Amended Complaint, and **two copies** of this Order and Report and Recommendation to the U.S. Marshal for service on Defendants James Cox, Frank Dreesen, Nancy Flores, Jim Gibbons, Jerry Howell, and Howard Skolnik.

IT IS FURTHER ORDERED that the Clerk of Court shall mail to Plaintiff **twelve (12) copies** of USM-285 service forms at the following address:

> Michael T. McLaughlin
> #83193
> Southern Desert Correctional Center
> P.O. Box 208
> Indian Springs, NV 89070

IT IS FURTHER ORDERED that Plaintiff shall have until **July 23, 2020** to complete the USM-285 service forms and return them to the U.S. Marshal, United States Courthouse, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED that the U.S. Marshal shall attempt to effect service within **fifteen (15) calendar days** of the date he receives Plaintiff's USM-285 for each defendant. Service of process on any defendant whose address was provided under seal must also be filed under seal.

IT IS FURTHER ORDERED that Plaintiff shall have **twenty-one (21) calendar days** from the date the U.S. Marshal returns to Plaintiff copies of the USM-285 forms showing whether service has been accomplished to file a notice with the Court stating whether each of the defendants named above was served.

## IV.    RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's official capacity claims, injunctive relief claim, and Eighth Amendment claim be dismissed with prejudice as futile.

Dated this 23rd day of June, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).